AUGUSTA G. GENET, APPELLANT, v. THE PRESIDENT, ETC., OF THE DELAWARE AND HUDSON CANAL COMPANY, RESPONDENT.

*Additional allowance — not proper where the court has not jurisdiction of the action.*

Where, upon the hearing of the issue presented by a demurrer to the plaintiff's complaint, the court decides that it has no jurisdiction over the cause of action set forth in the complaint, an additional allowance cannot be granted upon the ground that the case is difficult and extraordinary.

Before an additional allowance can be made under the authority of section 3253 of the Code of Civil Procedure it must be ascertained that the case itself is difficult and extraordinary.

APPEAL by the plaintiff from a judgment entered in the office of the clerk of the county of New York on the 20th of March, 1890, giving to defendant an extra allowance of $500, in addition to costs.

*George C. Genet*, for the appellant.

*Matthews & Smith*, for the respondent.

Daniels, J.:

This action was determined by the decision of a demurrer to the plaintiff's complaint, in which it was held that this court had no jurisdiction over the cause of action set forth. And the allowance was directed for the reason that the case was difficult and extraordinary. But the court has not considered or decided the case. It has not been either heard or investigated by the court, and it cannot, therefore, be held to be either difficult or extraordinary. Before an additional allowance can be made under the authority of section 3253 of the Code of Civil Procedure, it must be ascertained that the case itself is of that description. It must be determined in some form to be difficult and extraordinary. But in a case over which the court has no jurisdiction that subject cannot regularly be inquired into at all, and no decision can be made upon it. The sole province of the court is to determine the single point of jurisdiction, and when that has been done adversely to the action, the merits are beyond its reach and outside of its consideration.

The right to recover the costs of the defense made by the demurrer depends upon section 3229 of the Code, which in general language provides for the recovery of costs of course, by the defendant, when the plaintiff shall not be entitled to costs. They result in an action at law, as this action was, directly from the final judgment recovered by the defendant. In this respect they are plainly distinguishable from the additional allowance, which can only be made by further action taken by the court, resulting in the conclusion that the case itself is difficult and extraordinary. And as that could not be reached for want of jurisdiction over the controversy itself, the order should be reversed and the motion denied.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed and motion denied.